# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARY WARD**                                                                  **CIVIL ACTION**

**VERSUS**                                                                **NO. 22-354-JWD-RLB**

**BRADY GAGE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 8, 2023.

                                                        **RICHARD L. BOURGEOIS, JR.**
                                                        **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARY WARD**                                          **CIVIL ACTION**

**VERSUS**                                           **NO. 22-354-JWD-RLB**

**BRADY GAGE, ET AL.**

**REPORT AND RECOMMENDATION**

Mary Ward ("Plaintiff") filed her Complaint in this matter on April 27, 2022 in the 21st Judicial District Court, Parish of Livingston. (R. Doc. 1-1). The case was removed to this Court on May 31, 2022 by defendant Freedom Specialty Insurance Company. (R. Doc. 1). On August 11, 2023, Damon S. Manning ("Manning") sent a letter to this Court stating that "by order of the Louisiana Supreme Court dated July 18, 2023, [Plaintiff's counsel Michael] Cave's law license was interimly suspended." (R. Doc. 9). Manning explained that Michael Cave "is currently hospitalized and unable to file the appropriate motion for leave of court to withdraw." (R. Doc. 9). Treating Manning's letter as a withdrawal motion, this Court granted "the request to withdraw attorney Michael Cave as counsel for [P]laintiff" on August 16, 2023. (R. Doc. 10).

That Order also set "a telephone conference . . . for September 19, 2023 at 10:00 a.m." before the undersigned and required Plaintiff "to participate unless new counsel enroll[ed] on her behalf." (R. Doc. 10). The Clerk of Court was directed to mail a copy of the order setting the conference to Plaintiff's address detailed in Manning's letter. (R. Doc. 10). An address of 38055 Reinninger Road, Denham Springs, LA 70706 was provided in Manning's letter and is the same

as that given during Plaintiff's deposition. (R. Docs. 9, 12). No attorney has been enrolled on behalf of Plaintiff,[1] and Plaintiff failed to participate in the telephone conference. (R. Doc. 11).

As a result, the Court issued an Order for Plaintiff to appear personally before the undersigned Magistrate Judge at the Russell B. Long Federal Building and Courthouse, 777 Florida Street, Courtroom 6, in Baton Rouge, Louisiana, at 9:30 a.m. on October 18, 2023, and "show cause why her case should not be dismissed for failure to comply with an order of the Court." (R. Doc. 11). A copy of the Order was served upon Plaintiff by regular mail at Plaintiff's last known address at 38055 Reinninger Road, Denham Springs, LA 70706. The Order informed Plaintiff that "[f]ailure to appear for this hearing will result in the recommendation of sanctions, including dismissal, for failure to prosecute and failure to comply with Court orders." (R. Doc. 11). When Plaintiff failed to appear, this Court "advised that a report and recommendation [would] be issued and [would] be sent to [P]laintiff by certified and regular mail." (R. Doc. 12).

In this instance, dismissal is warranted under Fed. Rules Civ. P. 16 and 37. Under Fed. R. Civ. P. 16, a court "may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation; and (5) facilitating settlement." If a party or her attorney "fails to appear at a . . . pretrial conference[,]" a court may issue on its own motion "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)[.]" Fed. R. Civ. P. 16(f). As one of the available sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) is "dismissing the action or

---

[1] John W. Penny, Jr., counsel for Freedom Specialty Insurance Company and Western Express, Inc., reported that Plaintiff met an attorney, but the attorney will not represent her in this case. (R. Doc. 11).

proceeding in whole or in part[,]" the captioned matter may be dismissed for Plaintiff's failures to appear. (R. Docs. 11, 12).

Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for [P]laintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order."

As a practical matter, the case cannot proceed against the defendants if Plaintiff does not prosecute it or respond to the Court's orders regarding disposition of the case. Plaintiff's failure to prosecute effectively deprives the defendants of the opportunity to defend themselves from the allegations made against them. Plaintiff has repeatedly failed to respond to Court orders and has failed to prosecute this action.

**If Plaintiff intends to pursue this litigation, she has 14 days to object to this Report and Recommendation or otherwise explain why she has failed to comply with this Court's orders.**

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed without prejudice pursuant to Local Rule 41(b) for failure to prosecute.

Signed in Baton Rouge, Louisiana, on November 8, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**